UNITED STATES of America, Plaintiff–Appellee,

v.

Eden VALDEZ–ANGULO, a.k.a. Eden Valdez Angulo, a.k.a. Miguel Valdez–Angulo, Defendant–Appellant.

No. 13–10333.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2014*.

Decided April 11, 2014.

Dominique Juliet Park, Special Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Carlton Gunn, Esquire, Kaye, McLane, Bednarski & Litt, LLP Pasadena, CA, for Defendant–Appellant.

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM **

Eden Valdez–Angulo appeals from the district court's judgment and challenges the 48–month sentence imposed following

___

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valdez–Angulo first contends that his sentence is substantively unreasonable because the imposition of two criminal history points under U.S.S.G. § 4A1.1(d) turned solely on the "happenstance" of the timing of his discovery by immigration officials. Relying on *United States v. Amezcua–Vasquez,* 567 F.3d 1050 (9th Cir.2009), Valdez–Angulo also contends that his sentence is substantively unreasonable in light of his limited roles in his prior convictions, one of which resulted in a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(vii).

The district court did not abuse its discretion in imposing Valdez–Angulo's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Unlike the sentence in *Amezcua–Vasquez,* Valdez–Angulo's below-Guidelines sentence properly reflects the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Valdez–Angulo's criminal and immigration history. *See id.*

Finally, Valdez–Angulo contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been undermined and that 8 U.S.C. § 1326(b) is unconstitutional. As Valdez–Angulo concedes, this argument is foreclosed. *See United States v. Almazan–Becerra,* 482 F.3d 1085, 1091 (9th Cir. 2007).

**AFFIRMED.**